UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

- against -

JOHN GIARDINA,

                 Defendant.

11-CR-110

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)

---

**JACK B. WEINSTEIN, Senior United States District Judge:**

A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by or is outside the range of the Sentencing Guidelines referred to in Section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from that provided by the Guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in a statement of reasons form." *Id.* Even though the Guidelines are now "advisory" rather than mandatory, *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the Guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "'considered the parties' arguments' and that it has a 'reasoned basis for exercising [its] own legal decisionmaking authority.'" *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (en banc) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (alterations in original). Although a written statement of reasons pursuant to 18

1

U.S.C. § 3553(c)(2) is not necessary when the court imposes a Guidelines sentence, the statement may nevertheless assist the reviewing court and the United States Sentencing Commission in understanding the reasons for the court's sentence.

On April 7, 2011, John Giardina pled guilty to Count Three of a three-count indictment. The count to which Giardina pled guilty charged that between September and November 2010, within the Eastern District of New York and elsewhere, he, together with others, did knowingly and intentionally transfer, possess and use, without lawful authority and in and affecting interstate commerce, a means of identification of another person, with the intent to commit and to aid and abet an unlawful activity in violation of federal law, *i.e.*, the making of false statements to the United States Postal Service, resulting in Giardina's obtaining things of value aggregating $1,000 or more during a one-year period, in violation of, *inter alia*, 18 U.S.C. §§ 1028(a)(7), 1028(b)(1)(D), and 1028(c)(3)(A).

Giardina was sentenced on October 5, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere, as well as the factors and considerations that a district court must evaluate in imposing a sentence in accordance with 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (describing the value of video recording for the review of sentences on appeal).

The court finds the total offense level to be 10 and defendant's criminal history category to be category II, yielding a Guidelines range of imprisonment of between eight and fourteen months, or one month of imprisonment followed by a term of supervised release with a special condition requiring seven months of community confinement or home detention. The maximum term of imprisonment for the offense to which Giardina pled guilty is 15 years. *See* 18 U.S.C. § 1028(b)(1). The maximum fine is $250,000. *See* 18 U.S.C. § 3571(b)(3).

Giardina was sentenced to one month of incarceration and three years of supervised release; he was ordered to spend the first seven months of supervised release in home detention. A special assessment of $100 was imposed. No fine was imposed. Restitution of $15,000, agreed upon by the defendant and the government in defendant's plea agreement, was ordered.

Respectful consideration was given to the Sentencing Guidelines, the Sentencing Commission's policy statements and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence was "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a).

The court considered the "nature and circumstances of the offense[s] and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Defendant's offense is a serious one, and he has a long history of involvement in crimes petty and serious. Defendant is 81 years old. He has no children and one brother, with whom he does not have a good relationship. He has been in a romantic relationship for almost four years. Defendant resides in a rent-controlled apartment; he has lived there for 76 years. His primary source of income during his life has been proceeds derived from gambling; he currently receives Social Security benefits and Supplemental Security Income payments. He has a variety of health problems, including high blood cholesterol and prostate cancer. A sentence of 1 month of imprisonment, in conjunction with the home detention and restitution described above, reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under 18 U.S.C. § 3553(a)(2)(B), there are two important factors to be considered by the sentencing court: specific and general deterrence. General deterrence is effectuated by the sentence imposed and the restitution required. The sentence will send a clear message that the

use of fraudulent documents in the furtherance of a violation of federal law will result in punishment. Specific deterrence is achieved through the order of restitution, the incarceration ordered, and the home confinement required. The court hopes that the defendant will abstain from further criminal activity in light of his age and ill health.

							/s/ Jack B. Weinstein
							Jack B. Weinstein
							Senior United States District Judge

Dated: October 4, 2011
		Brooklyn, New York